UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNIE BROOKS, | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:12-cv-0796 |
| | § | |
| PROCOLLECT, INC., | § | JURY DEMAND |
| Defendant | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Annie Brooks, Plaintiff in the above-numbered and styled case, complaining of and against ProCollect, Inc., and for cause of action would respectfully state the following:

**I.  INTRODUCTION**

1.  This is an action for damages brought by an individual consumer alleging that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

**II.  JURISDICTION AND VENUE**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.  Venue in this District is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

### III.  PARTIES

3.   Plaintiff, Annie Brooks, is an individual residing in Houston, Harris County, Texas.

4.  Defendant ProCollect, Inc. is a Texas corporation engaged in the business of collecting debts in this state with their principal place of business located at 12170 Abrams Road, Suite 100, Dallas, Texas 75234-4579.   The principal purpose of ProCollect, Inc. is the collection of debts using the telephone and mail, and the Defendant regularly attempts to collect debts alleged to be due another.   Defendant ProCollect Inc. may be served by serving its registered agent David Goodhart at 190S. Collins Road, Suite 102, Sunnyvale, Texas 75182-4623.

5.   Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

6.   Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3).

### IV.  FACTUAL ALLEGATIONS

7.  On or about January 5, 2010, Plaintiff entered into a lease agreement with St. James Place, a residential apartment complex.   Following the term of the lease, St. James Place assessed fees against Plaintiff which she disputed.

8.  On or about March 15, 2011, Defendant sent a letter to Plaintiff on behalf of St. James Place.  The letter states in pertinent part:

> We are obligated to inform you that you have 30 days fro the date of this letter to dispute the amount owed (or any portion thereof).  If you notify us **in writing** within the 30-day period that any portion of the debt is disputed, we will provide you with evidence from the Creditor that the debt it valid.  Within the same 30 day period, you may also ask us to provide you with the name and address of the original creditor, if it is different from the current Creditor.   If you do

not notify us in writing within the 30-day period that the debt, or any portion thereof, is disputed, we will assume that the entire debt is valid and proceed with any and all collection methods available to us under the law.    Finally, please understand that this is an attempt to collect a debt.  Any information will be used for that purpose.  (emphasis added)

9.   The Defendant's letter of March 15, 2011 failed to inform Plaintiff of her right to verbally dispute the debt in order to overcome an assumption of validity of the debt by the Defendant.

10.    In addition, the Defendant's letter of March 15, 2011 seeks to collect a "collection fee" of $7.50.    The letter states in pertinent part, "Please add a $7.50 collection fee to each payment made."

11.   The amount of $7.50 assessed by Defendant against the Plaintiff as a collection fee is not expressly authorized by the agreement that created the purported debt obligation or permitted by law.

## V.  CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

12.  Plaintiff incorporates paragraphs 1-11 above.

13.  Defendant violated the FDCPA by attempting to collect an amount which is not expressly authorized by the agreement creating the purported debt obligation or permitted by law in violation of 15 U.S.C. § 1692f.

13.   Defendant violated the FDCPA by misrepresenting the amount of debt Plaintiff purportedly owes in violation of 15 U.S.C. § 1692(e), (e)(2)(A) and e(10).

14.   Defendant violated the FDCPA by failing to provide certain written notices within in violation of 15 U.S.C. § 1692(g).   Specifically, Defendant violated the FDCPA

by failing to provide written notice to Plaintiff of her right to dispute the validity of the purported debt by means other than in writing, in violation of 15 U.S.C. § 1692(g)(a)(3).

15.   As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## VI.  JURY DEMAND

16.  Plaintiff demands a jury trial.

## VII.  PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), including fees in the event of appeal; and

D.      Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Dana Karni
DANA KARNI
KARNI LAW FIRM, P.C.
State Bar No. 24044379
S.D. Texas Bar No. 592484
4635 Southwest Freeway, Suite 715
Houston, Texas 77027
Telephone: (713) 552-0008
Facsimile: (713) 454-7247
DKarni@TexasConsumerDebt.com

ATTORNEY FOR PLAINTIFF